# IN RE ESTATE OF WALTER MARTTINEN.[1]

June 10, 1927.

No. 26,094.

**In a case triable to the court, it may send an issue to a jury of its own motion.**

1. Since, in a case triable to the court, the court, on its own motion, may submit an issue to a jury, no reversible error results from such a submission without there having been a motion for settling a jury issue as prescribed by the rules of the district court.

**Party who goes to trial at Virginia without raising objection in district court cannot raise it in this court.**

2. The district court of St. Louis county sitting at Virginia to try cases, pursuant to L. 1909, c. 126, has jurisdiction in cases involving the title to real estate. The provision therein that such cases may not be tried at Virginia without the written consent of the parties is a rule of procedure or practice, and a party who goes to trial without raising an objection to the place of trial cannot after a decision raise the point.

**Rulings of trial court sustained.**

3. There were no reversible errors in the rulings on the trial.

**Ample evidence to sustain special verdict that wife survived her husband.**

4. The evidence amply justifies the special verdict to the effect that the wife survived the husband.

Appeal and Error, 3 C. J. p. 1429 n. 57; 4 C. J. p. 917 n. 39; p. 1025 n. 70 New.
Courts, 15 C. J. p. 845 n. 20; p. 993 n. 91.
Death, 17 C. J. p. 1181 n. 98 New.
Evidence, 22 C. J. p. 455 n. 74; p. 458 n. 75, 82; p. 712 n. 92.
Trial, 38 Cyc. p. 1936 n. 78, 79.

[1]Reported in 214 N. W. 469.

The administrator of the estate of Walter Marttinen appealed from an order of the district court for St. Louis county, Freeman, J., denying his motion for a new trial. Affirmed.

*John F. Maki*, for appellant.

*Carl A. Onkka* and *Boyle & Montague*, for respondent.

HOLT, J.

The appeal is from an order denying appellant's motion for a new trial.

This litigation springs from a tragedy which occurred at a farm home near Virginia, in St. Louis county, when the husband shot his wife and, after a short interval, turned the gun against himself, inflicting a mortal wound. A special administrator was appointed for the estate of the wife, and a general administrator for the estate of the husband. The special administrator petitioned the probate court to have the homestead and the widow's allowance from the husband's estate set off on the theory that the husband died first. The probate court decided against the special administrator, and he appealed to the district court where a jury found that the wife survived the husband, and the court, adopting the verdict of the jury, made findings in favor of the special administrator of the wife's estate.

The appeal was noticed for trial at Virginia and, on the opening day of court there the special administrator moved the submission of an issue to a jury. The administrator of the husband's estate was not represented. The court ordered this issue submitted to a jury: "Did Hilda Marttinen survive Walter Marttinen?" When the case was reached for trial appellant [administrator of husband's estate] moved to transfer it to the court calendar, because the jury issue had not been settled as provided by the district court rules. The motion was denied. This ruling is assigned as error. There can be no reversible error in the ruling. In a case triable to the court, the court may, on its own motion, send an issue to a jury.

By L. 1909, p. 115, c. 126, the district court of St. Louis county may hold court in the city of Virginia and the village of Hibbing

the same as at Duluth, and try all actions, civil and criminal, except proceedings to register titles and actions involving the title to real estate. The latter, however, may be so tried by written consent. It is enough to say that appellant went to trial at Virginia without raising objection to the place of trial, and it is too late to raise it in this court. There is no want of jurisdiction in the district court sitting at Virginia to try cases involving title to real estate, even were it conceded that this proceeding is such a case. The objection of appellant to the place of trial goes merely to an alleged violation of a statutory procedure, and cannot be raised after a litigant has submitted his cause on the merits without making any objection until after a decision has been made against him.

Hypothetical questions were put to medical experts over appellant's objection "that it is simply calling for a conclusion, incompetent, irrelevant and immaterial." Of course, the object of expert testimony is to obtain a conclusion or opinion to aid the jury, and if the question is properly framed the answer must be competent, relevant and material. No effort was made to point out wherein the question was lacking.

There was evidence tending to show that between the time the husband shot at his wife and the time he shot himself he went downstairs and wrote a few lines on a tablet. This writing was received in evidence over appellant's objection. There could be no valid objection to the introduction of the exhibit as part of the res gestae. It bore directly on the time elapsing between the infliction of the wounds on the wife and the one on the husband. Moreover, the probative value of the exhibit was obviously more favorable to appellant than to respondent.

The vital point in the appeal is whether the evidence sustains the verdict, approved and incorporated in the findings of the court, that Hilda Marttinen survived her husband Walter Marttinen. The only living witness of the tragedy was one Aho, who served as the first target for Walter's fusillade. His wounds and fright temporarily dazed him, and his testimony as to when life ceased in either of the two who died from the bullets fired is of little or no value. The jury had to determine the question submitted almost wholly upon the

medical experts' opinions based upon the wounds inflicted and the testimony as to bleeding. Their unanimous conclusion was that the husband's death followed almost instantaneously the self-inflicted wound; but that the wounds received by the wife and the bleeding resulting indicated that death did not come to her for quite a period after being shot. The time estimated varied from thirty minutes to two hours. Without going into more of the gruesome details of the wounds or the circumstances of the shooting, it may be said that there is ample evidence to sustain the jury's finding that the wife survived the husband; indeed, there is hardly any basis for a contrary finding.

The order is affirmed.