## JONES v. PAXTON.

District Court, D. Minnesota, Fifth Division.
July 10, 1928.

1. Automobiles ⬤—235—Constitutional law ⬤— 309(3)—State law providing for service on Secretary of State held not unconstitutional, as depriving nonresident automobile owners of property without due process (Laws Minn. 1927, c. 409).

Laws Minn. 1927, c. 409, providing that use of state highway by nonresident shall be deem-

ed appointment by him of Secretary of State as his attorney on whom process may be served, and that notice of such service shall be mailed within 10 days to defendant at his last known address, affords reasonable probability that defendant will receive actual notice, and hence is not unconstitutional, as depriving him of property without due process of law.

2. Constitutional law ⬤—208(16)—Continuance ⬤—2—Provision of state law limiting continuances granted defendant nonresident automobile owners to 90 days held void, as discriminatory (Laws Minn. 1927, c. 409).

Provision of Laws Minn. 1927, c. 409, limiting to 90 days continuances granted to enable nonresident automobile owners using state highways to defend actions against them *held* void, as discriminating between residents and nonresidents of such state.

3. Statutes ⬤—64(7)—Invalidity of provision limiting continuances granted defendant nonresident automobile owners to 90 days does not destroy entire state law providing for service on Secretary of State (Laws Minn. 1927, c. 409).

Invalidity of provision of Laws Minn. 1927, c. 409, limiting continuances in actions against nonresident automobile owners using state highways to 90 days, does not destroy entire act, providing for service of process on Secretary of State, but leaves court free to grant such continuances as are reasonable without restriction.

At Law. Action by Eugene M. Jones against J. V. Paxton. On defendant's motion to set aside service of the summons and complaint. Motion denied.

Cobb, Hoke, Benson, Krause & Faegre, of Minneapolis, Minn., for defendant.

JOHN B. SANBORN, District Judge. The contention of the defendant is that chapter 409 of the Laws of Minnesota for 1927, which provides that the use of the state highways by a nonresident shall be deemed an appointment by him of the Secretary of State to be his true and lawful attorney, upon whom process may be served, is unconstitutional, and deprives the defendant of his property without due process of law, and is discriminatory, as between residents of the state of Minnesota and nonresidents.

A somewhat similar statute, in the case of Hess v. Pawloski, 274 U. S. 353, 47 S. Ct. 633, 71 L. Ed. 1091, was held to be constitutional. That act (chapter 90, Gen. Laws Mass., as amended by St. 1923, c. 431, § 2), contained the following provision:

"Service of such process shall be made by leaving a copy of the process with a fee of two dollars in the hands of the registrar, or in his office, and such service shall be sufficient service upon the said nonresident: Provided, that notice of such service and a copy of the process are forthwith sent by

registered mail by the plaintiff to the defendant, and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the writ and entered with the declaration. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

In the case of Wuchter v. Pizzutti, 48 S. Ct. 259, 72 L. Ed. ——, a statute of New Jersey with reference to service of process upon nonresident automobile owners was held to be unconstitutional, on the ground that the law did not contain a reasonable provision for probable communication to the defendant of the commencement of the action. In other words, the law did not assure any reasonable probability that he would receive actual notice, and might result in fraud, in that it would permit default judgments against nonresidents without any actual notice. The court said:

"In determining the reasonableness of provision for service we should consider the situation of both parties. The person injured must find out to whom the offending automobile belongs. This may be a difficult task. It is easy when the operator of the automobile is present after the accident. That is provided for in the second section of this act by apprehending him or his operator. But the vehicle may be operated by someone who having committed the injury successfully escapes capture or identification. In such a case, the person injured must be left without a remedy by suit at law, as everyone must be who does not know or can not discover the person who injured him. The burden is necessarily on him to investigate and learn. In finding out who it was, and whether the person is of such financial responsibility as to warrant a suit, he almost necessarily will secure knowledge of his post office address or his place of residence, and thereby be enabled to point out how notice may be communicated to him. With this information at hand the state may properly authorize service to be made on one of its own officials, if it also requires that notice of that service shall be communicated to the person sued. Every statute of this kind, therefore, should require the plaintiff bringing the suit to show in the summons to be served the post office address or residence of the defendant being sued, and should impose either on the plaintiff himself or upon the official receiving service or some other, the duty of communication by mail or otherwise with the defendant."

The Minnesota law in question provides that service of process shall be made upon the Secretary of State by filing a copy in his office, together with a fee of $2, and shall constitute sufficient service upon the nonresident, provided that notice of the service and a copy of the process are within 10 days thereafter mailed by the plaintiff to the defendant at his last known address, and that the plaintiff's affidavit of compliance with the provisions of this act is attached to the summons. The act also contains the provision that the court may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action, not exceeding 90 days from the date of filing of the action in such court.

An exactly similar statute was upheld by the Supreme Court of Wisconsin in the case of State v. Belden, 193 Wis. 145, 211 N. W. 916, 214 N. W. 460. It is contended here, however, that that court erred in holding the provisions for service reasonable and constitutional, and that the statute is subject to the same criticism as was made of the New Jersey act in the case of Wuchter v. Pizzutti, supra. The Massachusetts law provides considerable assurance that notice will be actually received by the defendant. The New Jersey law had no provision that would give any assurance that the defendant would receive notice of the suit.

[1] The Minnesota law—while it might well have provided for the giving of the post office address or residence of the defendant in the summons, the forwarding of the notice by registered mail, and the filing of the return receipt, in addition to the affidavit of compliance—does afford a reasonable probability that the defendant will receive actual notice. The words "last known address" are somewhat indefinite, but would seem to refer to the defendant's last known residence or place of abode, which ordinarily would be ascertained, either from the defendant or through a checking of the registration of the automobile owned or driven by him, or from some other reliable source.

[2, 3] The provision relating to the granting of continuances and limiting them to 90 days is obviously discriminatory, and therefore void, as was held in State v. Belden, supra; but the invalidity of this limitation would not destroy the entire act, but would leave the court free to grant such continuances as were reasonable, without restriction. I am satisfied that this act, as it will be construed and applied by the courts of this state and this district, will afford ample protection to the nonresident automobile owners using the

highways of the state against the obtaining of judgments without notice and an opportunity to defend.

The motion therefore is denied.