M. HERZOFF, APPELLEE, V. J. F. HOMMEL, APPELLANT.

FILED DECEMBER 5, 1930. No. 27414.

*Brogan, Ellick & VanDusen* and *James J. Fitzgerald, Jr.,* for appellant.

*Leon & White, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

THOMPSON, J.

This is an action by Herzoff, appellee, against Hommel, appellant, to recover on two causes of action; one for personal injury to his minor son and the other for damages to his automobile, by reason of a collision of Hommel's automobile with that of Herzoff in the city of Omaha on July 28, 1929. Service of notice on appellant was had in accordance with section 1, ch. 63, Laws 1929, providing for service on nonresident automobile owners, all of which is admitted in defendant's answer. At the time of the alleged accident, Hommel was a resident of Kansas City, Missouri, which city was at the time, as well as ever since, the last known address of such Hommel. Herzoff was a resident of Iowa. The jury found in favor of Herzoff on both counts of his petition, and judgment was accordingly entered. Hommel appeals.

For reversal of the judgment Hommel urges that the above act is unconstitutional, in that "it seeks to deprive appellant of the equal protection of the laws and seeks to take his property without due process of law," hence contravenes that part of the Fourteenth Amendment to the Constitution of the United States, which provides: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." In due form he interposed this challenge by way of a special appearance objecting to the jurisdiction of the trial court. This being overruled, the same objection was carried into his answer to the merits.

Such challenge, as we view the record, includes the following: Is the right involved a proper subject of state legislation? Is the manner of service of notice one which makes it reasonably probable that notice of service on the secretary of state will be communicated to the nonresident defendant who is sued? Is the act, wherein it provides for a continuance of not to exceed 90 days from the filing of the action to afford defendant a reasonable opportunity to defend, discriminatory?

The aforesaid section 1, ch. 63, Laws 1929, so far as here material, reads as follows: "The use and operation by a nonresident of the state of Nebraska or his agent of a motor vehicle over or upon any street or highway within the state of Nebraska, shall be deemed an appointment by such non-resident of the secretary of state of the state of Nebraska as his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him, growing out of such use or operation of a motor vehicle over or upon the streets or highways within this state, resulting in damages or loss to person or property, and said use or operation shall be a signification of his agreement that any such process which is so served in any action against him shall be of the same legal force and validity as if served upon him personally within this state. Service of such process shall be made by serving a copy thereof upon the secretary of state or by filing such copy in his office, together with payment of a fee of two dollars ($2), and such service shall be sufficient service upon the said nonresident: Provided, that notice of such service and a copy of the process shall within ten (10) days after the date of service be sent by the plaintiff to the defendant by registered mail at defendant's last known address and it shall be the duty of the plaintiff to file with the clerk of the court in which the action is brought an affidavit that he has complied with such requirement. The court in which the action is pending shall order such continuance as may be necessary to afford the defendant reasonable opportunity to defend any such action, not exceeding ninety (90) days from the date of the filing of the action in such court."

The above challenge is before us for the first time. That it is within the constitutional right of a state to safeguard its interests by the enactment of a statute which imposes upon a nonresident thereof using its highways a duty to answer for his conduct is sustained by the weight of authority. In *Hess v. Pawloski,* 274 U. S. 352, 356, it is stated: "Motor vehicles are dangerous machines; and, even when skilfully and carefully operated, their use is attended by serious dangers to persons and property. In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all, residents and nonresidents alike, who use its highways. The measure in question operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved." The above conclusions have been followed in *Poti v. New England Road Machinery Co.,* 83 N. H. 232, and in *Schilling v. Odlebak,* 177 Minn. 90. Again, in *State, ex rel. Cronkhite, v. Belden,* 193 Wis. 145, 155, the court said: "The statute does not attempt to provide a method for securing jurisdiction over the person of the defendant in respect to controversies other than those which arise out of the operation of the automobile within the state. While it is true that constitutional rights may not be subordinated to administrative convenience, we perceive no just reason why a nonresident coming within the state, using the special facilities provided by the state and afforded the protection of its laws, may not be subjected to the jurisdiction of the state in respect to acts done by him in violation of its law and be compelled to respond in damages for wrongs done its citizens while within the state in the operation of his automobile." Thus, we conclude that the enactment here under consideration was clearly within the province of the state legislature.

As to the manner of communicating notice to the defendant sued: Appellant insists that the holding on this question in *Hess v. Pawloski*, aforesaid, that the service was sufficient, sustains his contention in this, that in such case the Massachusetts statute involved required "that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the writ and entered with the declaration," while the Nebraska statute does not require that the defendant actually receive and receipt for the notice of service, but only that the notice be mailed. The distinction between the two statutes on this point lies more in the form than in the substance. Our statute provides, as heretofore shown, that "service of such process shall be made by serving a copy thereof upon the secretary of state * * * and such service shall be sufficient service upon the said nonresident: Provided, that notice of such service and a copy of the process shall within ten (10) days after the date of service be sent by the plaintiff to the defendant by registered mail at defendant's last known address." Thus, the service provided for by our statute is equivalent to a personal delivery, as in such a case the person to whom the registered mail is sent is presumed to have received the same until the contrary is alleged and proved. Therefore, the claimed distinction is of no material consequence, as it is made reasonably probable that notice of the service on the secretary of state will be communicated to the nonresident defendant.

Is the act discriminatory? As to this, appellant contends: "The provision in the above statute providing for continuances and limiting the time of the continuances to 90 days is clearly unconstitutional. No provision is made in Nebraska for limiting the continuances which may be granted to a resident to 90 days, and consequently the limitation applied to nonresidents denies to such nonresidents privileges accorded residents." As sustaining such contention appellant cites *State, ex rel. Cronkhite, v. Belden,* 193 Wis. 145; *Jones v. Paxton,* 27 Fed. (2d) 364. It is

quite apparent that the part of the statute providing for a continuance not exceeding 90 days from the filing of the action to afford defendant reasonable opportunity to defend the action is discriminatory, hence unconstitutional. However, as it is obvious that such limitation of 90 days was not an inducement to the adoption of the remainder of the act, and as such remainder is intelligible, complete, and capable of enforcement, it is not rendered unconstitutional by reason of such discriminatory part of the act. Further, with that part of the continuance clause reading "not exceeding ninety (90) days from the date of the filing of the action in such court," stricken, the act is clearly within constitutional limitations and enforceable. It follows that error was not committed by the trial court in overruling the special appearance. In this conclusion we have but followed the law as announced in the last above cited cases, also the holdings of this court in *Scott v. Flowers*, 61 Neb. 620, and *State v. McShane*, 93 Neb. 46, 50.

Appellant also calls our attention to what he claims is a lack of proof to sustain the jury's finding that the injury complained of happened while the automobile of defendant was being used in the course of and in furtherance of the business of such defendant; further, that such lack of proof exists as to the ownership of the automobile. As to each of these challenges: Taking into consideration the facts and circumstances apparent in the record, and considering the same in connection with the testimony of the witnesses, it cannot be said that the record fails to disclose ample proof to sustain the jury in finding for the plaintiff and against defendant as to each of these questions.

Other claimed errors presented have had consideration, but are found not to be prejudicially erroneous.

The judgment of the trial court is

AFFIRMED.