## GLENN v. HOLUB.

### No. 28.

District Court, S. D. Iowa, W. D.

Jan. 20, 1941.

Raymond A. Smith (of Kimball, Peterson, Smith & Peterson), of Council Bluffs, Iowa, and Genung & Genung, of Glenwood, Iowa, for plaintiff.

George Boland, of Omaha, Neb., and Cook & Cook, of Glenwood, Iowa, for defendant.

DEWEY, District Judge.

The above-entitled action came on for hearing in open court at Council Bluffs, Iowa, on the 8th day of January, 1941, on a special appearance and motion to quash the return of service of original notice and dismiss the cause. Evidence in the form of affidavits was considered and the matter argued and submitted.

Defendant attacks the service of notice on the ground that the Iowa statute permitting such a service is unconstitutional as against a non-resident, and that the evidence does not show facts sufficient to form a proper basis for the invocation of the method of substituted service provided by the Code of Iowa against non-residents in automobile collision cases. Secs. 5038.01 to 5038.08, Code of Iowa, 1939.

It is unnecessary to determine whether notice on the defendant by a registered letter to his "last known residence or place of abode" is sufficient to answer a charge of discrimination against non-residents, as I am satisfied from the evidence adduced in the form of affidavits at the trial that no such written notice was given to the defendant at his last known residence or place of abode.

The Supreme Court of Iowa has not passed upon the question of what constitutes "last known residence or place of abode," but they have on occasions reiterated that statutes providing for substituted service of original notice present a method of procedure that is extraordinary in character and allowed only because specially authorized; and to justify the procedure under such statutes, being the only authority for the extraordinary procedure, the facts recited in such statutes must appear, and when attacked, the burden is up-

on the plaintiff or person serving the notice to establish such facts. It must also be shown that the conditions required to permit the giving of the notice by mail existed at the very time of the service.

■ The accident upon which the suit is instituted occurred on March 6, 1940, petition was filed August 17, 1940, and removed to this court on October 12, 1940. The affidavits establish that the tractor-trailer involved in the accident was owned by the defendant, Ed Holub, a resident of Texas, and that he had maintained his residence in Alamo, Texas, since November 10, 1939, and was not a resident of Cotulla, Texas, after that time.

The return and affidavit of plaintiff's attorney establish that he investigated the accident at the time it occurred and was then told by the driver of the truck that it was owned by Ed Holub and that he resided at Cotulla, Texas; that the license plates upon the equipment at the time of the accident bore Texas license No. 129–435 and that he secured the registration card or receipt issued for the registration of said tractor-trailer for the year 1939, and they showed the ownership of the tractor-trailer to be in Ed Holub, a resident of Cotulla, Texas, on Oct. 28, 1939. An insurance adjuster, also referring to his records, advised said attorney for the plaintiff as to the name of the owner and that he resided in Cotulla, Tex.

It will be noted that both the information obtained from the license receipts and from the adjuster of the insurance company were as to the residence of the defendant in the year 1939. The evidence as to the statement of the driver of the truck as to the residence of the defendant is weakened by the affidavit of the sheriff of the county where the accident occurred in Iowa to the effect that he interviewed the driver of the truck and that the driver told him, and he so recorded on his memorandum report, that the owner of the truck, Ed Holub, was a resident of Alamo, Texas.

From this evidence it is apparent that the residence of the defendant, last known to the plaintiff, was Cotulla, Texas, and that the proper registered letter was sent to him at that address on August 20, 1940, but was returned unclaimed.

The meaning of the words "last known residence" if passed upon by the Supreme Court of Iowa have not been cited in either of the briefs. Plaintiff relies upon a statement by Judge Sanborn in the case of Jones v. Paxton, D.C., 27 F.2d 364, 365, as follows: "The words 'last known address' are somewhat indefinite, but would seem to refer to the defendant's last known residence or place of abode, which ordinarily would be ascertained, either from the defendant or through a checking of the registration of the automobile owned or driven by him, or from some other reliable source."

This statement by Judge Sanborn was not made in deciding the question of what constituted "last known address," but was thrown into an opinion wherein he was discussing solely the question of the constitutionality of a similar statute to that of Iowa.

A statement in the Wisconsin case, State v. Belden, 193 Wis. 145, 211 N.W. 916, 920, 214 N.W. 460, 57 A.L.R. 1218, seems to me, in the light of the Iowa decisions, to be the better law: "The law as enacted is calculated to give the defendant adequate notice of the pendency of the proceeding. We know of nothing more likely to apprise the defendant of the pendency of the action than the mailing of a copy of the summons and complaint to his last known address. This must mean not his last address known to the plaintiff, but plaintiff is required to ascertain at his peril, the last known address of the defendant as a matter of fact, and his failure to do so will amount to a failure to comply with the statute and render the service invalid."

■ . I am unable to say from the evidence that the notice by mail was given to the last known address of the defendant and for this reason the special appearance and motion to quash the service should be sustained; but, I can see no reason why the case should be dismissed or why the application of the plaintiff for permission to serve a substituted service of the notice should not be sustained. The clerk will therefore enter the following order:

This action having come on for hearing in open court at Council Bluffs, Iowa, on the special appearance of the defendant to quash the service of notice in this case, same was argued and submitted, and, being advised;

It is ordered that the service of the original notice in this case is quashed, but the motion to dismiss the cause is overruled. Upon request and application of the plaintiff additional summons may issue against the defendant. Both parties except.