CHARLES EDWARD MITCHELL, Petitioner, *v.* SECOND JUDICIAL DISTRICT COURT, Respondent.

No. 5139

October 13, 1966                    418 P.2d 994

*Richard P. Wait* and *Donald A. Thorpe,* of Reno, for Petitioner.

*Loyal Robert Hibbs* and *Michael V. Roth,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This proceeding in prohibition questions the constitutionality of NRS 14.070. That statute provides a method for giving notice of the service of process to a defendant who operated a motor vehicle on a public road, street or highway in Nevada, and is alleged to have caused damage to another. At issue is whether the statutory scheme for giving notice satisfies due process.

A motor vehicle driven by Charles Mitchell, in which Roberts and his wife were riding, overturned. The wife was killed and Harvey Roberts injured. An action requesting damages from Mitchell was subsequently commenced. The record shows that process was served upon the director of the department of motor vehicles, and the statutory fee was paid. Thereafter, notice of such service and a copy of the process was sent by registered mail, return receipt requested, to the defendant at his address as it appeared on the accident report. The registered document was returned to the sender marked,

"Returned to writer," "Moved, Left no address." An affidavit of compliance with the statute, to which was attached the registered document that had been returned and an acknowledgment of service of process by the director of the department of motor vehicles, was filed in the action. The affidavit in part reads: "Thereafter, and on January 6, 1965 a notice of service of process upon the said Director was enclosed by me in an envelope with a copy of the process and was sent by me by registered mail to defendant, Charles Edward Mitchell, at the address supplied on the Motor Vehicle Accident Form of the State of Nevada, to wit 11400 South Virginia Street, Reno, Nevada, which to me, as secretary to plaintiff's attorney herein, is know to be the best address available to the plaintiff." The defendant did not appear within time, and his default was entered. He then presented a motion to quash service of process (NRCP 12(b)(3)) which was denied. This proceeding followed. The remedy selected is proper. NRS 34.320, 34.330; City of Los Angeles v. Dist. Court, 58 Nev. 1, 67 P.2d 1019 (1937).

1. Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928), designates the standard by which the constitutionality of NRS 14.070[1] must be tested. In

[1]NRS 14.070 reads: "Service of process on operators of motor vehicles involved in collisions, accidents.

"1. The use and operation of a motor vehicle over the public roads, streets or highways, or in any other area open to the public and commonly used by motor vehicles, in the State of Nevada by any person, either as principal, master, agent or servant, shall be deemed an appointment by such operator, on behalf of himself and his principal or master, of the director of the department of motor vehicles to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him growing out of such use or resulting in damage or loss to person or property, and the use or operation shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as though served upon him personally within the State of Nevada.

"2. Service of such process shall be made by leaving a copy of the process with a fee of $2 in the hands of the director of the department of motor vehicles or in his office, and such service shall be deemed sufficient upon the operator; provided, that notice of such service and a copy of the process shall forthwith be sent by registered mail by the plaintiff to the defendant at the address supplied by the defendant in his accident report, if any, and if

that case the nonresident motorist statute of New Jersey was held to violate due process. It provided for service of process on the Secretary of State, but did not contain a provision for notifying the defendant. The court ruled that, in order for such a statute to be valid, it must contain a provision making it reasonably probable that notice of service on the Secretary will be communicated to the defendant who is sued. In International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the court, in a case involving a statute dealing with the service of process upon a nonresident corporation, reiterated its position that service must give "reasonable assurance that the notice will be actual."[2]

Endeavoring to meet the pronouncement of Wuchter v. Pizzutti, supra, Nevada requires the plaintiff to send

___

not, at the best address available to the plaintiff, and a return receipt signed by the defendant or a return of the Post Office Department stating that the defendant refused to accept delivery or could not be located, or that the address was insufficient, and the plaintiff's affidavit of compliance therewith are attached to the original process and returned and filed in the action in which it was issued. Personal service of such notice and a copy of the process upon the defendant, wherever found outside of this state, by any person qualified to serve like process in the State of Nevada shall be the equivalent of mailing, and that such personal service may be proved by the affidavit of the person making such personal service appended to the original process and returned and filed in the action in which it was issued.

"3. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action.

"4. The fee of $2 paid by the plaintiff to the director of the department of motor vehicles at the time of the service shall be taxed in his costs if he prevails in the suit. The director of the department of motor vehicles shall keep a record of all such process, which shall show the day and hour of service.

"5. The foregoing provisions of this section with reference to the service of process upon such an operator defendant shall not be deemed exclusive, but if such operator defendant is found within the State of Nevada he shall be served with process in the State of Nevada."

[2]The efforts of state legislatures to meet the test of Wuchter v. Pizzutti, supra, and judicial construction of the many statutes is the subject of a comprehensive article by Professor Marshall J. Fox at 33 F.R.D. 151. See also 32 Mich.L.Rev. 325 (1936); 37 Mich.L.Rev. 58 (1938) and cases collected in 35 A.L.R. 951; 57 A.L.R. 1239; 99 A.L.R. 130.

notice of service and a copy of the process, by registered mail, to the defendant "at the address supplied by the defendant in his accident report, if any, and if not, to the best address available to the plaintiff." This procedure, we think, establishes a reasonable probability that the defendant will receive actual notice of the pending action and, therefore, satisfies due process.[3] We need not now decide whether the quoted statutory language contemplates an affirmative showing by the plaintiff that the address of the defendant appearing on the accident report was supplied by the defendant himself in his accident report (as distinguished from the officer's accident report), since in this case the affidavit of statutory compliance shows that the defendant was notified "at the best address available to the plaintiff," which happened to be the address of the defendant as it appeared on the accident report.

When notice is sent to the "best address available to the plaintiff," the affidavit should state the source of that address. A mere conclusory statement will not suffice. A sworn statement as to source will serve to establish the good faith of the plaintiff to give actual notice and will, to some extent, diminish the possibility of fraud. The present affidavit satisfies this requisite.

Statutes providing for the mailing of notice to the "last known address" of the defendant have been held constitutional. Herzoff v. Hommel, 120 Neb. 475, 233 N.W. 458 (1930); St. ex rel. Cronkite v. Belden, 193 Wis. 145, 211 N.W. 916, 214 N.W. 460 (1927); Schilling v. Odlebak, 177 Minn. 90, 224 N.W. 694 (1929); Jones v. Paxton, 27 F.2d 364 (Minn. 1928). The "last known address" and the "best address available to the plaintiff" may, in a given case, be the same. In any event, it seems to us that the probability of actual notice is not

---

[3]Grote v. Rogers, 149 A. 547 (Md. 1930), relied upon by defendant-petitioner is not necessarily contra. The Maryland statute established a "conclusive presumption" of notice if the statutory scheme was followed. Our statute does not give absolute verity to any stated address.

diminished by the Nevada requirement that notice be mailed to the "best address available to the plaintiff" instead of the "last known address." Indeed, that probability may, in the majority of instances, be enhanced.

2. The record shows that the registered document was not delivered to the defendant at the address mentioned in the accident report. It was returned to the sender, marked "Moved, Left no address." This is fastened upon to show the weakness of the statutory scheme for giving actual notice. The identical circumstance confronted the Wisconsin court in Sorenson v. Stowers, 251 Wis. 398, 29 N.W.2d 512 (1947). It was held that in such event the risk of nondelivery must fall upon the defendant. See also: Waddell v. Mamat, 271 Wis. 176, 72 N.W.2d 763 (1955); Skinner v. Mueller, 1 Wis.2d 328, 84 N.W.2d 71 (1957). We approve that notion. NRS 14.070 may not be read to suggest that the plaintiff must, at his peril, ascertain the defendant's actual address. Of course, fraud by the plaintiff in the giving of notice is always a possibility. That possibility, however, is not reason to rule the statute unconstitutional. Hirsch v. Warren, 253 Ky. 62, 68 S.W.2d 767 (1934). When fraud is shown, the defendant has a remedy. NRCP 60(b). The statute contemplates good faith on the part of the plaintiff.

Prohibition is denied and this proceeding is dismissed.

COLLINS, J., and ZENOFF, D. J., concur.