An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RACHELLE GLOBIG,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
    and
RAMON GONZALEZ-VELASCO,
Real Party in Interest.

No. 60232

FILED

MAR 29 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
    DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss a tort action for failure to timely effect service of process.

A writ of mandamus is an extraordinary remedy that is "available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station" if the petitioner does not have a plain, speedy, and adequate remedy at law. International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.160; NRS 34.170. This court generally declines to consider writ petitions challenging district court orders denying motions to dismiss unless no factual dispute exists and the district court was obligated to dismiss the action pursuant to clear authority or the writ would promote judicial economy by clarifying an important issue of law. Id. at 197-98, 179 P.3d at 558-59.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-09325

This court reviews dismissal for failure to effect timely service of process for abuse of discretion. Abreu v. Gilmer, 115 Nev. 308, 12-313, 985 P.2d 746, 749 (1999). Under NRCP 4(i), a plaintiff must serve a defendant with the summons and a copy of the complaint within 120 days of filing a complaint. Service may be effectuated in several ways and NRS 14.070 permits service of process through the Department of Motor Vehicles (DMV) in certain situations when a party cannot otherwise be found through due diligence. See NRS 14.070(1), (2); Browning v. Dixon, 114 Nev. 213, 216, 954 P.2d 741, 742 (1998).

Petitioner Rachelle Globig argues that the district court abused its discretion by allowing service through DMV because Real Party in Interest Ramon Gonzalez-Velasco did not exercise due diligence in his initial effort to serve her. As support, she cites the fact that the process server attempted personal service only once and that there was a grammatical error in the process server's affidavit of due diligence.

There is no formulaic standard for determining whether the due diligence requirement is met because due diligence must be tailored to fit the circumstances of each case. Abreu v. Gilmer, 115 Nev. 308, 313, 985 P.2d 746, 749 (1999). Here the district court did not abuse its discretion by deciding there was no reason for the process server to attempt personal service more than once because sufficient evidence showed that Globig no longer lived at her last known address. Accordingly, the process server's decision to check various databases made more sense than repeatedly returning to the faulty address that Globig provided in an accident report. Moreover, the process server's incorrect reference to Globig as "him" does not undermine the integrity of the affidavit of due diligence because grammatical errors do not vitiate the

 

effectiveness of an affidavit. 2A C.J.S. Affidavits § 38 (2003). Thus, the district court did not abuse its discretion by concluding that Gonzalez-Velasco exercised due diligence.

Next, Globig argues that service was not effected because Gonzalez-Velasco did not complete all four steps required for substituted service under NRS 14.070.

NRS 14.070(2) enumerates four conjunctive steps for achieving substitute service on the Department of Motor Vehicles (DMV). First, a plaintiff must leave a copy of the process, along with a fee, with the Director of the DMV. Second, a plaintiff must send notice of service and a copy of the process to the defendant via certified mail to the address the defendant supplies in an accident report. Third, plaintiff must obtain a return receipt that proves the defendant received the process, refused to accept delivery, or could not be located. Fourth, plaintiff must file an affidavit of compliance, along with the return receipt, with the district court.

Here, Gonzalez-Velasco failed to complete the third requirement because he did not obtain a return receipt for the certified mail that all parties agree he sent. As such, he also did not fully satisfy the fourth element because he did not file a return receipt in the district court. Nevertheless, the district court's decision that Gonzalez-Velasco sufficiently complied with NRS 14.070 by diligently attempting to locate Globig and by making a good faith effort to comply with the statutory requirements does not warrant writ relief for three reasons.

First, Gonzalez-Velasco's efforts at service satisfied the minimum requirements of due process because there was a reasonable probability that Globig would receive notice of the pending action at the

address she listed on the accident report. <u>Mitchell v. District Court</u>, 82 Nev. 377, 381-82, 418 P.2d 994, 996-97 (1966) (also explaining that a plaintiff does not have to ascertain, at his peril, the defendant's actual address). Second, even though Gonzalez-Velasco could not produce a return receipt, he did provide the district court with a copy of the completed certified mail form and a report from the postal service that the certified mail was delivered on March 18, 2011. This evidence served the same ends as the return receipt requirement because it showed that Gonzalez-Velasco attempted to follow NRS 14.070 and that the document was delivered to Globig's last-known address. Third, and most importantly, writs are extraordinary remedies. Gonzalez-Velasco substantially complied with NRS 14.070(2) and Globig fails to establish a clear basis in law for holding Gonzalez-Velasco to a higher strict compliance standard as to the return-receipt proof required. Thus, this matter does not meet the demanding standards for granting extraordinary writ relief with respect to an order denying a motion to dismiss. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

 

cc:    Hon. Rob Bare, District Judge
David L. Riddle & Associates
Maier Gutierrez Ayon, PLLC
Eighth District Court Clerk