CLARK L. HARTLEY *vs.* ANTHONY VITIELLO ET AL.

Third Judicial District, New Haven, January Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 20th—decided April 6th, 1931.

*Joseph Blumenfeld,* with whom, on the brief, were *David R. Woodhouse* and *Harrison D. Schofield,* for the appellant (defendant Vitiello).

*Clarence O. Lister,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff, a resident of Connecticut, brought this action to recover for injuries alleged to have been caused by negligence in the operation of automobiles owned by the defendants. One of them, the appellant, was described in the writ as of a certain address in New Jersey.   From the return upon the writ it appears that the only service made upon him was by an officer who left a copy of the writ and complaint with the commissioner of motor vehicles of this State, described as a duly authorized agent and attorney of the appellant, and mailed by registered mail a like copy to the appellant at the New Jersey address; and that the officer received a registry return receipt.   Before the return day the appellant, by his attorney, entered a special appearance and filed a motion to erase the case from the docket as against him, claiming that the statute under which the service had been made upon him was ineffective under the relevant constitutional limitations to confer jurisdiction upon the court to entertain the action against him.   The trial court denied the motion and the correctness of that ruling is the sole question presented upon this appeal.

Service of the writ was made under the provisions of Chapter 122 of the Public Acts of 1925, now § 5473 of the General Statutes, Revision of 1930, which is

quoted in the footnote. This statute is of the same general type as those which have been enacted for a similar purpose in a number of other States. Two of these statutes have come to the Supreme Court of the United States and the conclusions reached as to them go far to determine the question before us. In *Hess* v. *Pawloski*, 274 U. S. 352, 47 Sup. Ct. 632, the court had before it a statute of Massachusetts. This provided that acceptance by a nonresident of the privilege of operating a motor vehicle upon the highways of the State should be deemed equivalent to the appointment of the registrar of motor vehicles as his attorney upon whom process might be served, by leaving a copy with him or in his office and that such service should be sufficient service upon the nonresident, provided notice of it and a copy of the process were sent forthwith by registered mail by the

"Sec. 5473. Any nonresident of this state who shall cause a motor vehicle to be operated upon any public highway of this state shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that any process in any civil action brought against such person on account of any claim for damages resulting from the alleged negligence of such nonresident or his agent or servant in the operation of any motor vehicle upon any public highway in this state may be served upon said commissioner and shall have the same validity as if served upon such nonresident personally. Such process shall be served by the officer to whom the same shall be directed upon the commissioner of motor vehicles by leaving with or at the office of said commissioner, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy with an indorsement thereon of the service upon said commissioner, addressed to such defendant at his last-known address. The officer serving such process upon the commissioner of motor vehicles shall leave with said commissioner, at the time of service, a fee of two dollars, which fee shall be taxed in favor of the plaintiff in his costs if he shall prevail in any such action. The commissioner of motor vehicles shall keep a record of each such process and the day and hour of service."

plaintiff to the defendant and the defendant's return receipt and an affidavit of compliance with the statute were appended to the writ and entered in court; and that the court might order such continuances as might be necessary to afford the defendant a reasonable opportunity to defend the action. In its decision the Supreme Court upheld the power of the State to condition the privilege of the use of its highways by a nonresident motor vehicle operator with the requirement that such use should be deemed an appointment of the registrar as attorney for the defendant upon whom process against him might be served; it pointed out that the statute required actual notice to the defendant and provided for such continuances as might be found necessary to give him a reasonable time and opportunity to defend the action; and it held the statute effective to confer jurisdiction upon the court. In *Wuchter* v. *Pizzutti*, 276 U. S. 13, 48 Sup. Ct. 259, the court held a statute of New Jersey designed to serve the same purpose invalid to confer jurisdiction over a nonresident. The statute in question simply provided that any nonresident who accepted the privilege of operating his automobile upon the highways of the State without registering it under its laws thereby constituted the secretary of state his agent for the acceptance of service of process in any civil action arising out of any motor vehicle accident or collision; and there was no provision in the statute for any notice to the nonresident or for any continuance to permit his appearance. The court followed the *Hess* case in upholding the power of the State to declare that the operation of an automobile by a nonresident upon its highways should constitute an agreement to accept service of process upon the secretary of state in actions growing out of such operation but held that

statute ineffective to confer jurisdiction because it failed to provide for any notice to the defendant. The court pointed out that every statute of this kind should impose either on the plaintiff or upon the official receiving service or some other the duty of communication by mail or otherwise with the defendant and after reviewing a number of decisions, it summed them up in this way (p. 24): "These cases and others indicate a general trend of authority toward sustaining the validity of service of process, if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle that we think should apply here." These decisions and others in the State courts make it clear that statutes of the nature of the one before us are not ineffective to confer jurisdiction over the person of a nonresident defendant if compliance with their terms will bring about a reasonable probability that he will receive actual notice of the bringing of the action and if he will be afforded a reasonable opportunity to appear and defend. *State ex rel. Cronkhite* v. *Belden,* 193 Wis. 145, 158, 211 N. W. 916, 214 id. 460; *Schilling* v. *Odlebak,* 177 Minn. 90, 224 N. W. 694; *Jones* v. *Paxton,* 27 Fed. (2d) 364; *Herzoff* v. *Hommel* (Neb.) 233 N. W. 458; *Poti* v. *New England Road Machinery Co.,* 83 N. H. 232, 140 Atl. 587; *Grote* v. *Rogers,* 158 Md. 685, 149 Atl. 547.

Our statute requires service of the process by the officer to whom it is addressed upon the commissioner of motor vehicles "by leaving with or at the office of said commissioner, at least twelve days before the return of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy with an indorsement thereon of the service upon said

commissioner, addressed to such defendant at his last-known address." Under our law, with very limited exceptions, process in civil actions can only be served by certain designated officers to whom it must be addressed; the officer making the service must indorse his doings upon the writ and complaint and return it to court a certain number of days before the return day; and the statements contained in such a return are held to be prima facie true. General Statutes, §§ 5463, 5466, 5505; *Coast & Lakes Contracting Corporation* v. *Martin*, 92 Conn. 11, 16, 101 Atl. 502. These provisions of our law have an important bearing upon the meaning of the statute before us. For instance, the sending of a copy of the process to the defendant could not in any event be postponed beyond the day when the writ had to be returned to court, because it is a part of the duty of the officer making service to indorse his doings upon the writ and complaint so that they shall appear upon it when it is returned, and if this is not done the process is at once abatable. But the statute properly interpreted makes a much more stringent requirement than this as to the time when the copy is to be sent to the defendant. The leaving of a copy with or at the office of the commissioner and the sending of a copy to the defendant are by the statute both made a part of the service of the process and are linked up in such a way that the legislature obviously regarded them as parts of one act. It is not the duty of the officer to hunt up the address of the defendant after the process is put into his hands for service. *Wuchter* v. *Pizzutti, supra,* p. 20. All that he is required to do, having served the copy upon the commissioner, is to attest another copy, indorse upon it that service, put it into an envelope, address it and mail it to the defendant. Where a statute imposes

a duty and is silent as to when it is to be performed, a reasonable time is implied. *Ely* v. *Bugbee,* 90 Conn. 584, 587, 98 Atl. 121. Considering the close linking in the statute of the two things to be done—service on the commissioner and the mailing of a copy to the defendant—the nature of these acts and the purpose to be accomplished, there can be no doubt of the legislative intent that the copy should be mailed to the defendant with all reasonable dispatch. The statute does not expressly say so but it is clearly implied that it should be done forthwith. As service on the commissioner must be made at least twelve days before the return of the writ, sufficient time is undoubtedly afforded to meet the requirements of a reasonable probability of notice to the defendant of the bringing of the action.

The officer's return upon the writ serves the purpose of the affidavit of compliance with the statute required in some of the laws of other States. While no registry return receipt is required, as in the Massachusetts statute, this is not a sufficient reason to hold the statute ineffective; it is reasonable probability of notice, not actual notice, which is the test. *Wuchter* v. *Pizzutti, Jones* v. *Paxton,* and *State ex rel. Cronkhite* v. *Belden, supra.* The requirement that the copy be mailed to the defendant at his "last-known address" does not mean the last address known to the plaintiff but does mean the last address of the defendant so far as it is known, that is, by those who under the ordinary circumstances of life would know it. Unless the defendant has departed for parts unknown, it means his actual address; if he has disappeared it means his last address so far as it is reasonably possible to ascertain it. This address the plaintiff must learn at his peril and only if the copy is mailed to it is there a compliance with the statute.

*Jones* v. *Paxton, supra,* p. 365; *State ex rel. Cronkhite* v. *Belden, supra,* p. 158; *Schilling* v. *Odlebak, supra,* p. 93. Interpreted in the sense which the legislature intended, our statute, if complied with, will certainly bring about a reasonable probability of actual notice of the pendency of the action to the defendant.

The notice being required to be mailed substantially twelve days before the return of the process there would be in any ordinary case a sufficient opportunity for the defendant to appear within the time fixed by our rule, that is, on or before the opening of court on the second day after the return day. Practice Book, p. 261, § 83. But if he does not appear, our statutes afford him ample protection. Thus, General Statutes, § 5501, quoted in the footnote, which by its express terms applies to "every civil action," provides

"Sec. 5501. Every civil action in which the defendant shall be an inhabitant of this state but shall be absent therefrom at the commencement of the suit and shall continue to be absent until after the return day, without having entered any appearance therein, shall be continued or postponed for thirty days by order of court; and, if the defendant shall not then appear and no special reason be shown for further delay, judgment by default may be rendered against him. If the defendant shall not be an inhabitant or resident of this state at the commencement of the action and shall not appear and answer thereto, the court shall continue or postpone it for a period of three months, and shall direct notice of the pendency of the action to be given to the defendant by publication in some newspaper, or otherwise, as may be deemed expedient; and, if upon the expiration of said three months, the defendant shall not appear and it shall seem probable to the court that he has not received notice of the pendency of the action, the court shall again continue or postpone the cause for a further period of one month; and, if the defendant shall not then appear and no special reason be shown for further delay, judgment may be rendered against him on default; but, when judgment shall be rendered against him on default after such continuances or postponements, execution shall not issue thereon until the plaintiff shall have lodged with the clerk of the court a bond to the adverse party, with one or more sufficient sureties, in double the amount of such judgment, to refund the entire

that, if the defendant shall not be an inhabitant or resident of the State at the commencement of the action and shall not appear and answer thereto, the case is to be continued for three months and an order of notice is to be made, and if at the end of three months, the defendant does not appear and the court shall think it probable that he has not received notice of the pendency of the action, then it shall be continued another month, when, if he still fails to appear, judgment may be rendered against him on default; but even then a bond is required to be filed by the plaintiff before execution may issue and the transfer of any lands taken on execution is restricted. We do not agree with the contention of counsel that this statute is not to be regarded in our consideration of the particular law we have before us. The presumption is that the legislature, in enacting that law, did it in view of existing relevant statutes, and intended it to be read with them, so as to make one consistent body of law. "The General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces." *State* v. *Staub,* 61 Conn. 553, 566, 23 Atl. 924; *New York, N. H. & H. R. Co.'s Appeal,* 80 Conn. 623, 635, 70 Atl. 26; *Cordano's Appeal,* 91 Conn. 718, 725, 101 Atl. 85. The provision in the law that service upon the commissioner "shall have the same validity

amount thereof or such part of it as the court, upon a writ of error or petition for a new trial to be brought within one year after such judgment, shall adjudge that the plaintiff had no right to recover; and no real estate, taken by an execution granted on such judgment by default, shall be aliened or conveyed until the expiration of twelve months from the rendition of such judgment, or until after a decision in favor of the original plaintiff, upon a writ of error or petition for a new trial brought within such year."

as if served upon such nonresident personally" we cannot construe as making the statute as to continuances inapplicable. Certainly no duty to appear in the action rests upon the commissioner and what the legislature evidently meant by the words quoted is that service under the statute would be as effectual to confer jurisdiction over the defendant as would service made directly upon him, provided the steps necessary under the law to secure judgment be followed, which would include the necessary continuances under the statute in the case of a nonresident defendant. Our statute, read as it must be with other cognate provisions of our law, certainly gives to the defendant a reasonable opportunity to appear and defend against the action.

We have not overlooked the decisions of the New York Supreme Court and of the Appellate Division of that court in *Freedman* v. *Poirier,* 236 N. Y. Supp. 96, and 237 N. Y. Supp. 618, in which our statute was held not to comply with the constitutional requirements necessary to confer jurisdiction over a nonresident. We cannot but feel that, had more complete information as to our laws and methods of procedure been submitted to those courts they would have found themselves confronted with a very different situation than that presented to them and might well have arrived at a different conclusion.

There is no error.

In this opinion the other judges concurred.