MARGARET NOLAN
vs.
HENRY W. TUXBURY

Superior Court        Fairfield County        File #48941

Present:  Hon. ERNEST A. INGLIS, Judge.

Shannon & Wilder,        Attorneys for the Plaintiff.

Pullman & Comley,        Attorneys for the Defendant.

## MEMORANDUM FILED OCTOBER 29, 1935.

INGLIS, J.   This is an action brought by a resident of the state of New York against a resident of the state of Massachusetts for damages suffered by reason of the claimed negligence of the defendant in the operation of a motor vehicle in Bridgeport.   Service of process was made on the Commissioner of Motor Vehicles in the manner prescribed by Sec. 5473, Gen. St. Rev. 1930.   The question raised by the plea in abatement and the demurrer thereto is as to whether that section of the statute is effective to give the Superior Court of this State jurisdiction of the person of a non-resident in an action brought by a non-resident plaintiff.

As is stated in **Fine vs. Wincke, 117 Conn. 683,** there is "nothing in the terms of the statute authorizing service upon non-residents operating motor vehicles in this State through the motor vehicle commissioner, or in kindred statutes, which discloses an intent on the part of the legislature to restrict service in the way outlined to actions brought by persons domiciled in this State."

By the terms of the statute when a non-resident causes a motor vehicle to be operated in this State he, by virtue of that act, constitutes the Commissioner of Motor Vehicles his agent to receive service of process on him in actions such as this.

"The obvious purpose of this section was to afford a means by which the equivalent of personal service might be made upon a non-resident although he was not actually within the State."

**Coombs vs. Darling, 116 Conn. 643, 646.**

In effect the statute is closely analagous to **Sec. 3489, Gen. St., Rev. 1930** which provides that a foreign corporation qualifying to do business in this State shall appoint the Secretary of State its attorney upon whom process may be served.   No one would seriously contend that process served upon the Secretary of State in an action against such a foreign corporation based upon subject matter within our Court's jurisdiction should abate simply because the party bringing the action was a non-resident.

The theory embodied in **Sec.** 5473 being that the non-resident motorist has constituted the Commissioner his attorney for the service of process, it follows that any service of process upon him through that attorney has just the same effect for all purposes as though the process had been served upon him personally while he was passing through the State. It, therefore, can make no differance whether the action is one instituted by a resident of this State or one instituted by a non-resident, so long, of course, as the cause of action is one included in the statute and the provisions of the statute as to the method of service are fully complied with.

The demurrer is sustained and the plea in abatement is overruled.