JOSEPH M. MORGAN *v.* CHARLES BICKNELL

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 90348

Memorandum filed September 17, 1953.

*Adrian W. Maher,* of Bridgeport, for the Plaintiff.

*Schofield & Fay,* of Hartford, for the Defendant.

KING, J. The plaintiff, a resident of Massachusetts, alleges that while a passenger in a car owned and operated by the defendant, a resident of New

Jersey, he was injured in an accident caused by the defendant's negligent operation of the car in Killingly, in Windham County, Connecticut, on August 29, 1952. Service was made on the commissioner of motor vehicles of Connecticut pursuant to the provisions of General Statutes, § 7779, and the case was returned to the Superior Court in Fairfield County.

The defendant pleaded in abatement on the ground that the venue of the action, under § 7747, was Hartford County, where the office of the commissioner of motor vehicles is located. By failure to deny, the defendant admitted the allegation in the plaintiff's answer to the plea in abatement that the personal residence of the particular incumbent of the office of commissioner of motor vehicles at the time of service was Fairfield County. Practice Book § 101. Because of this admitted personal residence the plaintiff claims the venue was properly Fairfield County. In other words venue alone is involved. This question of venue was recognized but not determined in *Fine* v. *Wencke*, 117 Conn. 683, 684.

The statute (§ 7779) provides two alternative methods of service upon the commissioner of motor vehicles. Such service may be made, at the option of the plaintiff, by leaving a true and attested copy of the process (1) with the commissioner or (2) at the office of the commissioner. The second alternative could be carried out only in Hartford County. The first might conceivably take place anywhere in the state where the commissioner happened to be found. It should also be noted that there is no provision for impersonal service by leaving the copy at the usual place of abode of the commissioner. The officer's return shows that the plaintiff here elected to pursue the second alternative and made service by leaving a copy of the process at the office of the commissioner in Hartford.

We have a number of statutes providing for substituted service on nonresidents, all of which appear to be equally applicable to nonresident or resident plaintiffs. See, for example, § 5249, as amended by Cum. Sup. 1953, § 1940c, providing for service of process on foreign corporations; §§ 6979 and 7777, providing for service of process on nonresident fiduciaries; §§ 6054 and 6056, providing for service of process on nonresident insurance companies; and Cum. Sup. 1953, § 1522c, providing for service of process upon nonresident owners of amusement devices. In none of these is there any direct provision as to venue.

In failing to make provision for venue, our statute as to constructive service in motor vehicle cases (§ 7779) is typical of similar statutes enacted in other states. 115 A.L.R. 893, 894. And the rule is settled that in the absence of a special provision the general venue statutes apply. Ibid. The rule is also well settled that in the absence of special statutory provision, the personal residence of the agent on whom substituted service is to be made is immaterial. Ibid.

The statute as to substituted service in motor vehicle cases (§ 7779) expressly provides that such service "shall have the same validity as if served upon such nonresident personally." In other words service on the commissioner is to be treated as the equivalent of personal service subject to the rights of continuance and orders of notice applicable in suits against nonresidents. *Hartley* v. *Vitiello*, 113 Conn. 74, 81.

Under our venue statute (§ 7747) it is provided that "except as otherwise expressly provided, all . . . civil actions [not involving the title to land, where] neither [plaintiff nor defendant] is an inhabitant of this state . . . shall be brought in the county . . .

where the defendant is when the action is commenced. . . ." And an action is commenced by service on the defendant. *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 109.

Here neither party was an inhabitant of Connecticut, of course no attachment was made and the defendant was not personally within the state when service was made. Consequently the statute, considered alone, establishes no venue in this action. But it is settled that our statute as to substituted service in motor vehicle cases does apply to a suit between parties both of whom are nonresidents. *Fine* v. *Wencke,* 117 Conn. 683, 684; *Nolan* v. *Tuxbury,* 3 Conn. Sup. 64.

The vital factor is the foregoing provision that the service on the commissioner, if the other provisions of the statute are carried out, shall be equivalent of personal service upon the nonresident. *Hartley* v. *Vitiello,* 113 Conn. 74, 79. Where, as here, the service is properly made at Hartford, this means that the defendant was, in law, personally served in Hartford County. It follows that he was, in law, personally present in Hartford when served. This brings him directly within the provisions of § 7747 and establishes the venue in Hartford County.

There is nothing in *Goldman* v. *Piaquadio,* (Fairfield County, No. 89069), an unreported case referred to by counsel, inconsistent with anything here decided. There the plea to the jurisdiction made the claim that the statute concerning constructive service did not apply where the plaintiff was a nonresident. Quite properly a demurrer to this plea was sustained under our settled law. *Fine* v. *Wencke,* 117 Conn. 683, 684.

It should be noted that where the plaintiff is an inhabitant of Connecticut the venue of his action is the county of his residence under § 7747. The in-

stant case is concerned only with an action in which neither the plaintiff nor defendant is an inhabitant of Connecticut. While it would logically follow that a nonresident plaintiff who made personal service upon the motor vehicle commissioner in a county other than Hartford under the foregoing first alternative would have established his venue in the county in which such personal service was made, that point is not involved in this case since the second, instead of the first, alternative method of service was followed.

The venue here, under the mode of service chosen by this plaintiff, is the county in which the commissioner of motor vehicles has his office, which is conceded to be Hartford County.

It is true that the decision of this plea is of little more than academic importance, since the case may as well be tried in Hartford as in Fairfield County, and under our statute (§ 8332) the plaintiff may bring a new action in Hartford County notwithstanding the Statute of Limitations. However, the defendant is entitled to have its plea determined according to law.

It follows that judgment may enter sustaining the plea in abatement and that the action abate and be dismissed.