## Edmundo Medeiros *v.* Kenneth G. Kaye

Superior Court    New London County    File No. 44050

Memorandum filed October 29, 1974

*O'Brien, Shafner, Garvey & Bartinik,* of Groton, for the plaintiff.

*Regnier, Moller & Taylor,* of Hartford, for the defendant.

Longo, J. The defendant in this personal injury action has filed a plea in abatement, claiming that the court lacks jurisdiction because a copy of the process, after service upon the commissioner of motor vehicles, was not mailed to the defendant at "his last-known address," as required by § 52-62 of the General Statutes.

The evidence heard by the court at the hearing on the abatement plea disclosed the following facts: The defendant resided with his wife on Colonial Village Road, Ashaway, Rhode Island, from 1971 until March, 1972, when the parties separated and the defendant went to live with his father on Toma-quog Road, also in Ashaway. Ashaway is a village

in the town of Hopkinton. In April, 1972, the defendant entered military service and was stationed at Fort Dix in New Jersey. At that time he resided with his father on Tomaquog Road. While on leave in Connecticut, the defendant was involved in an accident which occurred on May 19, 1972. The plaintiff instituted suit on May 9, 1974, and notice of the suit, after service of process was made on the commissioner of motor vehicles, was sent to the defendant's former address on Colonial Village Road. The defendant's father testified that he received the suit papers by registered mail, signed for them as agent for his son, the addressee, and then forwarded them to the defendant's insurance carrier. The defendant did not appear to testify at the hearing on the plea in abatement. His testimony, under oath, as to his residence would have been desirable.

The defendant relies on *Hartley* v. *Vitiello,* 113 Conn. 74, 80, where the court stated: "The requirement that the copy be mailed to the defendant at his 'last known address' does not mean the last address known to the plaintiff but does mean the last address of the defendant so far as it is known, that is, by those who under the ordinary circumstances of life would know it. Unless the defendant has departed for parts unknown, it means his actual address; if he has disappeared it means his last address so far as it is reasonably possible to ascertain it. This address the plaintiff must learn at his peril and only if the copy is mailed to it is there a compliance with the statute."

In the instant situation actual notice was, in fact, received by the defendant through his father. The plaintiff contends that the purpose of the statute requiring reasonable notice to the defendant has been complied with in its spirit.

The view contained in *Hartley* v. *Vitiello,* supra, has been followed within this jurisdiction in

*MacDonald* v. *Newman,* 113 Conn. 756; *Barbieri* v. *Pandiscio,* 116 Conn. 48; and *Larrivee* v. *McGann,* 26 Conn. Sup. 508.

In *Wuchter* v. *Pizzutti,* 276 U.S. 13, 24, the court pointed to "a general trend of authority toward sustaining the validity of service of process, if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice." It is clear "that statutes of the nature of the one before us are not ineffective to confer jurisdiction over the person of a nonresident defendant if compliance with their terms will bring about a reasonable probability that he will receive actual notice of the bringing of the action and if he will be afforded a reasonable opportunity to appear and defend. . . . [I]t is reasonable probability of notice, not actual notice, which is the test." *Hartley* v. *Vitiello,* supra, 78, 80. It appears that notice should be sent to a place or address where it is probable that the notice will be received by the addressee. *Powell* v. *Knight,* 74 F. Sup. 191, 196. A plaintiff may utilize the address supplied by a defendant motorist in his accident report or the best address available to the plaintiff, and either address will establish a reasonable probability that the motorist will receive actual notice of the pending action, satisfying due process. *Mitchell* v. *Second Judicial District Court,* 82 Nev. 377.

The notice was sent to Colonial Village Road, whereas the defendant's father claimed that the defendant's domicil was Tomaquog Road. Both streets are in Ashaway, a small village in the town of Hopkinton, Rhode Island. In the opinion of the court the purpose of the statute was fulfilled. A party who inflicts injuries upon another should not escape his duty to defend his actions merely because of the fortuity of geographical boundaries, and

victims of automobile accidents involving nonresident motorists should be in a preferred position. In addition, no prejudice to either the defendant or his insurance carrier, the parties in interest, was shown. The defendant's father, on receipt of the notice and suit papers, immediately forwarded them to the insurer, who was not deprived of its opportunity to defend.

For the above reasons the plea in abatement is overruled.