[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT
Defendants Simon and Faina Buniak move this court to open a judgment rendered against the defendants based upon the court granting a default for failure to appear.
The defendants claim that they received no actual or legal notice of the institution of this action; and that, as California non-resident parties, they were deprived of making a defense to this case.
This action arises out of an employment agreement under which terms the plaintiff loaned the defendant Simon Buniak money with which to purchase a home in Connecticut. When the employment was terminated, the defendants moved to California without repayment of the loan to the plaintiff.
The issue in this motion is whether or not proper service was made upon the defendants.
The complaint lists the addresses of the defendants as 1707 Daniel Court, Fairfield, California. The file contains an application and order of notice by registered mail to the defendants at 1707 Daniel Court, Fairfield, California. The file discloses a sheriff's return showing in-hand service to the Secretary of State, and a mailing of the application and order of notice addressed to the defendants at 1707 Daniel Court, Fairfield, California. The return further states that the sheriff had received from the post office the return of receipts requested. Attached to the sheriff's return are the two original green postal cards addressed to each defendant at 1707 Daniel Court, Fairfield, California. An illegible signature appears on the signature block of the addressee. CT Page 2806
The defendants, by affidavit, state that their address in California was 3038 Poplar Court, Fairfield, California. The affidavit further states that the defendants own the property at 1707 Daniel Court, Fairfield, California, but reside at 3038 Poplar Court, Fairfield, California. The defendants further state that the signature on the green postal card was dissimilar to the signature of the defendants on the note recited in the complaint. The defendants also state that the plaintiff knew of the business address of Simon Buniak but failed to send any notice to Simon Buniak's place of employment.
The defendants submitted an affidavit from a postal clerk in California. In this affidavit the clerk stated that the Buniak's had submitted the following orders to the post office.
(a) A request that mail be forwarded from their original address at 3038 Poplar Court, Fairfield, California to an address in the State of Connecticut;
(b) A request that mail from the Connecticut address be forwarded to 1707 Daniel Court, Fairfield, California;
(c) A request that mail to 1707 Daniel Court be held for the Buniaks to pick up personally at the Post Office;
(d) A request that mail be forwarded to 3038 Poplar Court, Fairfield, California.
An affidavit of a former tenant of the Buniaks of property in Glastonbury, Connecticut, recited that rent payments were mailed to the Buniaks from December 1990 through April of 1991 to the address at 1707 Daniel Court, Fairfield, California. This affiant recited that the checks sent to the Daniel Court address were cashed and deducted from the affiant's checking account balance.
An affidavit of the real estate agent in Connecticut, who had represented the Buniaks in the purchase of property in Glastonbury, Connecticut, recited that the Buniaks requested that they receive mail from the agent addressed to 1707 Daniel Court, Fairfield, California. CT Page 2807
In Connecticut, service of process upon a non-resident defendant is effected by compliance with C.G.S. Sec. 52-59b.
Section 52-59b states "The process shall be served by the officer to whom the same is directed upon the secretary [of State], at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at his last known address (emphasis added), by registered or certified mail, postage prepaid, a like true and attested copy with endorsement thereon of the service upon the secretary [of State]."
Section 52-59b requires reasonable probability of notice not actual notice. Hartley v. Vitiello, 113 Conn. 74, 80
(1931). Cf. D'Occhio v. Connecticut Real Estate Commission,189 Conn. 162, 172 (1983), where the court stated that "sufficient notice" will satisfy the constitutional requirements of due process. Notice is sufficient if mailed to "the last address of the defendant so far as it is known, that is, by those who under the ordinary circumstances of life would know it." D'Occhio v. Vitiello, at p. 80. In D'Occhio, the court held that service upon the wife of a non-resident defendant was sufficient notice to satisfy the "last known address" requirement, supra at 171.
The defendants argue that Hartley stands for the proposition that actual notice must be given. The Hartley court stated that compliance with our notice statute will be accomplished by bringing "about a reasonable probability of actual notice of the pendency of the action to the defendant." Hartley, supra at p. 81. However, the court in Hartley stated on p. 80 of its decision that "it is the reasonable probability of notice not actual notice which is the test." We are satisfied that the test as enunciated in Hartley is reasonable notice which is sufficient to reach the non-resident defendant not the circumstance of seeing that the defendant actually received notice of the pending action. D'Occhio v. Connecticut Real Estate Commission, supra at p. 172.
The sheriff's return of the instant action recites the mailing of the process to 1707 Daniel Court, Fairfield, California. The sheriff's return contains the green postal cards of each defendant showing receipt of the notice by the addressees. The various affidavits, including the CT Page 2808 postal clerk's affidavit, support the fact that the defendants would receive notice of any process if mailed to 1707 Daniel Court.
Under these circumstances, we concluded that service of process on the non-resident defendants complied with the notice requirement of C.G.S. Section 52-59b.
Accordingly, the motion to open the judgment based upon the defendants' claim that they did not receive service of process or notice of the default is denied.
Arnold W. Aronson, J.