[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#110)
The plaintiff, Prudential Home Mortgage Company, Inc., filed this foreclosure action against the defendant, Drew Gajnos, with the court on May 11, 1995. As evidenced by the sheriff's affidavit contained in the court file, service of process via certified mail, return receipt requested, was made on the Secretary of State, 30 Trinity Street, Hartford, CT 06106 for service on the non-resident defendant, Drew Gajnos on April 26, 1995. On the same date, April 26, 1995, a copy of the original writ of summons, complaint, notice, exhibits and lis pendens was sent via certified mail, return receipt requested, to the defendant Drew Gajnos at his last known address of 10 Bennett Avenue, Apt. 6-H, New York, New York.
The complaint was returned to this court on May 11, 1995. A supplemental return of process dated May 10, 1995, was filed with the court on May 26, 1995. The sheriff's supplemental return indicated that the return mailed to Mr. Gajnos on April 26, 1995, was returned to the sheriff on May 10, 1995 and marked "unclaimed." The plaintiff submitted a copy of the return as Exhibit B, offered in support of the motion for summary judgment.
The defendant, Drew Gajnos filed an appearance on August 21, 1995. In addition, on September 21, 1995, the defendant filed the present motion to dismiss this foreclosure action, claiming that this court lacks jurisdiction over him because he was not served in accordance with General Statutes § 52-54 in that the writ of summons and complaint was not sent to the defendant's usual place of abode or residence. The defendant also moves to dismiss claiming that he was not served in conformity with General Statutes52-59b(c) and the court therefore lacks personal jurisdiction over him. The defendant filed a memorandum of law in support of his motion to dismiss but did not file any supporting affidavit or CT Page 12516-I other documentary evidence. The plaintiff, Prudential Home Mortgage Co., Inc. timely filed an objection to the motion to dismiss with a supporting affidavit signed by the attorney representing the plaintiff and exhibits attached to the affidavit. The exhibits included a copy of a letter from FACSEARCH, Inc., a company that was hired to locate the defendant (Exhibit A), a copy of a letter that was sent to the defendant via certified mail, return receipt request on December 10, 1994, at 10 Bennett Avenue, New York, New York notifying the defendant that he was in default (Exhibit B), a copy of the return receipt signed by Drew Gajnos on December 12, 1995 (Exhibit B) and a copy of a letter that was sent to the defendant on May 25, 1995, by the attorney representing the plaintiff enclosing another copy of the writ of summons and complaint as well as other documentation (Exhibit C). The attorney for the plaintiff indicated in his affidavit that the letter sent to the defendant on May 25, 1995, at 10 Bennett Avenue, New York, New York, was never returned to his office.
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of filing an appearance." Practice Book § 142. "A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court."Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). "The motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book § 143.
"Where a particular method of serving process is pointed out by statute, that method must be followed." Board of Education v.Local 1282, 31 Conn. App. 629, 632, 626 A.2d 1314 (1993). "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Id.
The Connecticut Supreme Court "has recognized that the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used. . . . When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard Tallow Corporation v. Jowdy, 190 Conn. 48,55, 459 A.2d 503 (1983).
Where a motion to dismiss "is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not CT Page 12516-J conclusively presume the validity of the allegations of the complaint." Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). "[A]ffidavits, are insufficient to determine the facts unless . . . they disclose that no genuine issue as to a material fact exists." Standard Tallow Corp. v. Jowdy, supra,190 Conn. 56. Where the facts alleged in the affidavits presented disclose that no genuine issue as to a material fact exists, the motion is to be granted. Id.
The defendant, in support of his motion to dismiss, argues that service of process was insufficient because it was not made pursuant to the requirements of General Statutes § 52-54. The plaintiff argues that service of process was proper and that it was made pursuant to and in accordance with General Statutes § 52-59b(c).
"[A Connecticut] court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: . . . . (4) owns, uses or possesses any real property situated within the state." General Statutes § 52-59b(a)(4). General Statutes 52-59b (c) pertains to service of process on nonresidents. Mr. Gajnos clearly was not a resident of the state of Connecticut at the time that service of process was mailed to him on April 26, 1992. On the other hand, General Statutes § 52-54, pertaining to service on residents, requires either personal service or leaving process at a defendant's "usual place of abode." The defendant's arguments regarding service of process under General Statutes § 52-54
are unavailing, as he was not a resident of the state of Connecticut at the time of service. Therefore, the applicable statute for service of process in this case is the long arm statute, specifically General Statutes § 52-59b (c).
Connecticut General Statute § 52-59b (c) states in relevant part: "Any nonresident individual . . . over whom a court may exercise personal jurisdiction . . . shall be deemed to have appointed the secretary of state as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the secretary of the state and shall have the same validity as if served upon the nonresident individual . . . personally. The process shall be served by the officer to whom the same is directed upon the secretary by leaving with or at the office of the secretary, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at his last-known address . . . a like true and attested copy with an endorsement thereon of the service upon the secretary. . . ." CT Page 12516-K
The sheriff's return of April 26, 1995 shows that process was served on the secretary of state. The first requirement of52-59b (c) was satisfied. The April 26, 1995 sheriff's return also indicates that a copy of the process was sent by the sheriff to the defendant by registered or certified mail. Therefore, the plaintiff has complied with the second requirement of 52-59b (c). A supplemental return of service of process dated May 10, 1995, indicates that the process was returned to the sheriff as "unclaimed." The defendant, however, did not file an affidavit indicating that this was not his residence at the time of service and simply states in his memorandum of law that he resides at a different address in New York City, New York without indicating or attesting to the pertinent dates. Service was made in accordance with the statutory requirements and the court therefore has jurisdiction. It is noted that General Statutes § 52-59b (c) has been interpreted as intending to "bring about a reasonable probability of actual notice of the pendency of the action to the defendant." Hartley v. Vitiello, 113 Conn. 74, 81, 154 A. 255
(1931).
"The requirement that . . . [service] be mailed to the defendant at his `last known address' does not mean the last address known to the plaintiff, but does mean the last address of the defendant so far as it is known, that is, by those who under the ordinary circumstances of life would know it." D'Occhio v.Connecticut Real Estate Commission, 189 Conn. 162, 171,455 A.2d 833 (1983), quoting Hartley v. Vitiello, 113 Conn. 74, 80,154 A. 255 (1931). In D'Occhio, sending a copy of the complaint to the defendant's wife was found to satisfy the "last known address" requirement. "Notice of this nature is adequate whether or not actually received by the addressee." Id., 172, quoting Hartley v.Vitiello, 113 Conn. 74, 80, 154 A. 255 (1931).
The court, in Hartley v. Vitiello, supra, explained the meaning of "last known address" by stating that "unless the defendant has departed for parts unknown, it means his actual address; if he has disappeared it means his last address so far as it is reasonably possible to ascertain it. This address the plaintiff must learn at his peril and only if the copy is mailed to it is there a compliance with the statute." Id., 80. In the present case, the plaintiff hired a search firm to determine the last known address of the defendant. (Plaintiff's exhibit A). The NYNEX white pages for Manhattan for the period of September 1995 through August of 1996, indicate that Mr. Drew Gajnos resided at 10 CT Page 12516-L Bennett Avenue, New York, New York. (Plaintiff's Exhibit C). in addition, correspondence sent to Mr. Gajnos at the 10 Bennett Avenue address on December 12, of 1994, was signed for by Mr. Gajnos. As stated above, last known address "means [the defendant's] last address so far as it is reasonably possible to ascertain it." Hartley v. Vitiello, supra, 113 Conn. 80.
For the foregoing reasons, the defendant's motion to dismiss is denied.
PICKETT, J.