[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 5, 1997
The defendant moves to dismiss this action on the basis that the process, after having been served on the Commissioner of Motor Vehicles as his agent for service, was not then completed because the process was mailed to an address from which he had moved subsequent to the automobile accident. The only address known to the plaintiff or his attorney was the address which the defendant had given to the plaintiff at the scene of the accident, and that is the address to which the sheriff mailed the copy of the process, pursuant to General Statutes 52-62 (e); after service upon the Commissioner of Motor Vehicles.
"The serving of a copy with or at the office of the Commissioner and the sending of a copy to the defendant are by statute both made a part of the service of process and are linked up in such a way that the legislature obviously regarded them as part of the same act. It is not the duty of the officer to hunt up the address of the defendant after process is put into his hands for service." Hanley v. Vitiello, 113 Conn. 74, 79 (1931).
The criteria to be applied to the requirement of mailing to CT Page 694-UU "last known address" is based upon the proposition that such mailing "will bring about a reasonable probability that he will be afforded a reasonable opportunity to appear and defend."Hanley v. Vitiello, supra, p. 78. (Emphasis added.)
"We think the provision for notice by registered or certified mail adequately fulfills this requirement." State v. Verdireme,36 Conn. Sup. 586, 588 (1980). Hence the criteria of probability,
which is generally defined as "more likely than not" is satisfied by the mailing process set forth in the statute.
The only address known to the plaintiff was the address which the defendant gave to him at the accident scene, i.e. 142 Broadway Street, Wakefield, Mass. The defendant is an attorney at law. The defendant moved to Marblehead, Mass. at a later time, unknown to the plaintiff or to anyone acting on his behalf. The defendant refused to accept a copy of the process which was sent to him August 1, 1996, after the original service had taken place. (The defendant's employer apparently accepted a copy of the process previously sent to it, for him, on June 11, 1996.)
The process served upon the defendant by registered mail, by the sheriff, satisfies the requirement of service. It is probable that this process would come to the attention of the defendant had he taken customary, reasonable and prudent steps of CT Page 694-VV maintaining a forwarding address at the post office. The concept of probability presupposes that citizens will be prudent in the handling of their affairs, and that certainly presuppose the maintenance of forwarding addresses for the delivery of mail.
For the reasons set forth herein, the motion to dismiss is denied.
SULLIVAN, L., J.