[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 10, 1997
The defendant Regis Inventory Specialists moves that this action against it be dismissed on the grounds of insufficient service of process and lack of personal jurisdiction. See Practice Book § 143(2) and (5). For the reasons stated below the motion is denied.
Plaintiff Charles Leask names Regis Inventory Specialists as one of the three defendants in this lawsuit. CT Page 12452 The summons does not set forth an address for Regis Inventory Specialists. The sheriffs return shows that on February 19, 1997, the deputy sheriff "made service of the within and foregoing original Writ, Summons, and Complaint upon Regis Inventory Specialists, the within named defendant, by leaving a true and attested copy in the Office of the Commissioner of Motor Vehicles of the State of Connecticut and left the said Commissioner's representation the statutory fee of $5.00." In an affidavit submitted by Regis Inventory Specialists, the company's risk management specialist states that the company is a Michigan company and that the company "never receive service of process in the matter of Leask v. Jenkins in any form or by any manner."
Regis argues that this court does not have personal jurisdiction over Regis because the deputy sheriff did not mail a copy of the process as required by General Statutes § 52-62(c). The plaintiff, on the other hand, argues that service was made pursuant to General Statutes § 52-62(a) on the Commissioner of Motor Vehicles and that the failure of sending notice to Regis, as required by § 52-62(c), was cured by Regis' filing an appearance in this court.
General Statutes § 52-62(a) provides that any nonresident who "causes a motor vehicle to be used or operated . . . in this state shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action [relating to the negligent operation of a motor vehicle] may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally." General Statutes § 52-62(c) sets forth the manner in which process is to be served. This subsection provides, in part, that process is to be "served . . . upon the Commissioner of Motor Vehicles by leaving with or at the office of the commissioner . . . a true and attested copy . . . and by sending to the defendant . . . by registered or certified mail, postage prepaid, a like, true and attested copy . . . addressed to the defendant or representative at his last-known address."
Since defendant Regis filed its motion to dismiss CT Page 12453 within thirty days of its filing of an appearance, Regis is not precluded from contesting this court's jurisdiction. Practice Book § 142. Nevertheless, the filing of the appearance indicates Regis had actual notice of the pendency of this action. See White-Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14, 18, n. 3 (1982). Regis's agent was served with process. Such service, in the absence of notice to Regis under § 52-62(c) of the pendency of this action, does not satisfy due process requirements. See Hartley v. Vitiello, 113 Conn. 74, 78
(1993). The purpose of § 52-62(c) is to provide "a method of service `reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.'" See Stephenson's Connecticut Civil Procedure
(3rd ed.) § 20(b). "Where the form of service employed is improper but it is undisputed that the defendant received timely notice of the suit and did in fact respond, the appropriate remedy is to allow amended service of process, rather than dismissal for insufficient process." 62B Am.Jur.2d, Process § 112. An appearance was filed on behalf of Regis at the same time as an appearance was filed on behalf of the other defendants. Regis has not been deprived of an opportunity to defend. The purpose of § 52-62(c), which is to provide reasonable notice, has been met. See Medeiros v. Kaye,31 Conn. Sup. 370 (1974). Accordingly, this court concludes the motion to dismiss should be denied.
The motion to dismiss is denied.
THIM, J.