[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (#102)
The nonresident defendant, Klaus Schmickler, filed a motion to dismiss the plaintiff, Ronald Bibace's complaint on the ground that the defendant was not properly served in accordance with General Statutes § 52-59b (c). Specifically, the defendant argues that a copy of the process was not mailed to his last-known address because it was mailed to the defendant's attorney. Section 52-59b (c) provides that a copy of the process must be mailed to the defendant's "last-known address." "The requirement that the copy be mailed to the defendant at his `last-known address' does not mean the last address known to the plaintiff but does mean the last address of the defendant so far as it is known, that is, by those who under the ordinary circumstances of life would know it. Unless the defendant has departed for parts unknown, it means his actual address; if he has disappeared, it means his last address so far as it is reasonably possible to ascertain it." Hartley v. Vitiello, 113 Conn. 74, 80, 154 A. 255
(1931). The purpose of this requirement is to bring about a "reasonable probability of actual notice of the pendency of the action to the defendant." Id., 81.
Here, the plaintiff alleges in his complaint that the defendant is of unknown place of residence. According to the plaintiff's affidavit, the defendant on June 1, 1998 declared under oath in another judicial proceeding that the defendant's address was the defendant's attorney's address. See Carey v. Hubbard, Superior Court, judicial district of New Haven at New Haven, Docket No. 367922 (February 16, 1995, DeMayo, S.T.R.) (where the defendant listed her mother's address as her address in a probate court proceeding, the mother's address was the defendant's last-known address). The defendant has not submitted any evidence to show that his attorney's address was not his last-known address.[1]
CT Page 4641 See Vaillant v. City of Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150977 (April 9, 1998, D'Andrea, J.) (where the defendant did not submit evidence to show what was his last-known address, the court denied a motion to dismiss). Accordingly, the motion to dismiss is denied.
KARAZIN, J.