[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4717
Paul Estefan, instituted this action in negligence against the defendants, John A. Rolls and his son, Jason A. Rolls, as a result of an accident in which Estefan rescued John A. Rolls from a burning airplane. Estefan alleges that on or about August 4, 1997, John operated a Piper airplane in a negligent manner so as to cause the plane to crash at the Danbury Municipal Airport. He recites that he pulled John from the burning plane and sustained injuries. Estefan also asserts that Jason, as owner of the airplane, is responsible for the injuries he sustained in that he allegedly failed to: (a) warn of carburetor problems, (b) ensure that John A. Rolls would inspect the aircraft prior to takeoff, and (c) ensure proper maintenance of the aircraft. On September 2, 1999, Jason filed a motion to dismiss for lack of in personam jurisdiction. He argues that he was not properly served with the writ, summons and complaint, pursuant to § 52-59b of the General Statutes, and, therefore, the court lacks jurisdiction over him.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacciv. Mayer, 218 Conn. 531, 544 (1991). A motion to dismiss is the proper method by which to contest service of process as insufficient. Practice Book § 10-31(a). "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Delio v. EarthGarden Florist, Inc., 28 Conn. App. 73, 77 (1992).
Estefan argues in his objection to the motion that it should be denied because Jason waived his right to contest personal jurisdiction when he failed to move to dismiss within thirty days of filing an appearance, as required by Practice Book § 10-30. This argument, however, lacks merit. On August 2, 1999, Jason filed with the court a motion for extension of time to respond to Estefan's complaint and, on August 23, 1999, the court granted that motion.
Estefan also argues that he complied with the statutory requirements for service of process on a non-resident as set forth in § 52-59b.[1]
The undisputed facts are that process was served on the Secretary of State of Connecticut and that a true and attested copy of the writ, summons and complaint was sent by certified mail to 4 Frog Rock Road, Armonk, New York, the home of Jason's parents. Jason's mother, Betsy CT Page 4718 Rolls, signed the return receipt. Estefan argues that he obtained this address from the accident investigation report titled, "Factual Report Aviation," that was written by the National Transportation Safety Board. Because this is the address of Jason's father, the co-defendant John, it is reasonable that Jason would receive notice. Estefan further argues that the fact that John was flying his son's plane reasonably indicates that the co-defendants have an on-going relationship and the writ, summons and complaint would be passed on to Jason.
Jason argues that he has not resided at the Frog Rock Road address since approximately 1996. He argues that the statute requires that service is to be made at the defendant's "last known address" and that this "does not mean the last address known to the plaintiff but does mean the last address of the defendant so far as it is known, that is, by those who under the ordinary circumstances of life would know it." (Internal quotation marks omitted.) D'Occhio v. Connecticut RealEstate Commission, 189 Conn. 162, 171 (1983). Therefore, Jason A. Rolls contends, he was not properly served.
In interpreting the meaning of service which is reasonably calculated to provide notice, our Superior Court has stated, "[I]t is reasonable probability of notice, not actual notice, which is the test. . . . It appears that notice should be sent to a place or address where it is probable that the notice will be received by the addressee. . . . A plaintiff may utilize the address supplied by a defendant in his accident report or the best address available to the plaintiff and either address will establish a reasonable probability that the [defendant] will receive actual notice of the pending action, satisfying due process." (Citations omitted; internal quotation marks omitted.) Medeiros v. Kaye, 31 Conn. Sup. 370, 372 (1974).
In Mediros v. Kaye, the defendant was a nonresident motorist who was not personally served with process, but rather a copy of the process was mailed to him at his last-known address. There, the court held that service that establishes a reasonable probability of actual notice is valid service and fulfills the meaning of the statute.
Similarly, in D'Occhio v. Connecticut Real Estate Commission, supra, process was mailed to the defendant's wife. "Sending a copy by registered mail to [the defendant's] wife, under the circumstances of the case, would satisfy the `last-known address' requirement." There, the court held that in the ordinary course of events, process was reasonably certain to reach the defendant, and the plaintiff therefore complied with § 52-59b. CT Page 4719
In summary, service was made by certified mail to the home of Jason's parents and his mother signed the return receipt. Additionally, this same address is the address that was listed as Jason's address in the Federal Aviation Administration's registry. Therefore, under the circumstances of this case, this court finds that because process was reasonably certain to reach Jason and provide notice, the due process requirement was met and the "the last known address requirement" was satisfied.
The motion to dismiss is, accordingly, denied.
Moraghan, J.