[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO OPEN JUDGMENT AND FOR WRIT OF AUDITA QUERELA
The defendants Jae Wan Yoo and Jin Sun Yoo move the court to open the judgment in favor of the plaintiff Cadle Company rendered on November 29, 1994. In the alternative, they ask that the court issue a writ of audita querela prohibiting the plaintiff from taking steps to enforce the judgment against them. CT Page 10509
The original plaintiff in this lawsuit was Great Country Bank ("GCB"). On November 1, 1988, the bank loaned $100,000 to the general partners of a business known as Crown Amoco. The general partners were Jae Wan Yoo and George Sherwood. The partners signed a promissory note obligating them to repay the loan in monthly instalments. The wives of the general partners, Jin Sun Yoo and Sandra Sherwood, signed guaranty agreements.
After a period of making monthly payments, the partners defaulted. In August of 1993, the bank brought suit on the note and the guaranty agreements. The action was commenced with an application for a prejudgment remedy, which was granted by the court in the amount of $65,000. The court allowed an attachment of the ownership interest of George and Sandra Sherwood in 36 Vixen Road in Trumbull, Connecticut. The court further allowed the attachment of an interest of Mr. and Ms. Yoo in a mortgage given to them by the Sherwoods on the Trumbull property.
The Sherwoods were served with the attachment and other legal process at their abode in Trumbull by a sheriff. Thereafter George Sherwood was served in-hand with process on behalf of Crown Amoco as one of its two general partners. The Yoos had moved to Canada and were served by service on the Secretary of the State and by certified mail addressed to an abode at 1114 Patricia Crescent, Jasper, Alberta.
George and Sandra Sherwood retained counsel, Attorney Carl Holt, who filed an appearance on their behalf. The Yoos did not appear. The plaintiff obtained a default against them for failure to appear. On April 6, 1994, while the lawsuit was pending, Great Country Bank sold the paper to The Cadle Company. Cadle Company moved to be substituted as the plaintiff in May 1994, and that motion was granted, changing the name of the lawsuit. On November 29, 1994, the matter went to judgment. The judgment against all defendants was for $63,165.90 plus costs of $918.44.
Thereafter the plaintiff undertook collection efforts against all defendants. The plaintiff successfully served George Sherwood and later Sandra Sherwood with orders for Examination of Judgment Debtor summoning them for examinations in the Superior Court in New Haven in 1995. It was not until 1996 that the plaintiff was able to serve Mr. and Ms. Yoo with further legal process. At that time, the Yoos had moved from Alberta to the State of Washington. The plaintiff registered the judgment in Washington on February 13, 1996, and commenced collection proceedings under the Washington procedures for such matters. Mr. and Ms. Yoo obtained legal counsel and have now filed the instant motions in the Connecticut Superior Court attacking the validity of the underlying judgment and otherwise seeking to arrest further collection procedures. CT Page 10510
The Yoos make two claims. First, they assert that they had no notice, or at least no proper notice, of the lawsuit. Second, they assert that a subsequent settlement of the judgment debt by the plaintiff with the defendants George and Sandra Sherwood should serve as a release as to all defendants. The court conducted a full evidentiary hearing on these issues at which Mr. and Ms. Yoo were represented by counsel, as was the plaintiff. The court makes the following findings:
Sandra Sherwood and Jin Sun Yoo are sisters. The 1988 loan from GCB was obtained for the purpose of running the gas station business known as Crown Amoco, located on Crown and Howe Streets in New Haven. In 1990, Mr. and Ms. Yoo moved to Alberta, leaving the operation of the business to the Sherwoods. While living in Canada, the Yoos spoke and corresponded regularly with the Sherwoods.
When the business began to experience financial difficulty such that it could not support the loan payments, Sandra Sherwood told this to the Yoos. In mid-March 1992, while living in Alberta, Mr. Yoo sent an updated financial statement to Great Country Bank at the bank's request to try to negotiate a workout of the loan. The bank received this statement on March 26, 1992. This statement noted the address of the Yoos at 1114 Patricia Crescent, Jasper, Alberta.
In 1992, the Yoos moved from Patricia Crescent to an apartment on Geikie Street in the same city. Then in April 1993 the Yoos moved back to the United States, to 2719 N.E. 152nd Avenue, Vancouver, Washington. The Yoos left no forwarding address with the post office to redirect their mail. More importantly at no time did they notify the bank that they had moved from the Patricia Crescent address.
The work-out negotiations were unsuccessful, and in August of 1993 the bank brought suit. Ms. Sherwood called the Yoos and told them of the lawsuit. The bank served Jae Wan Yoo and Jin Sun Yoo by causing a copy of the papers to be served on the Secretary of the State, and by causing a copy to be mailed by certified mail to their last know address, 1114 Patricia Crescent. The bank did this in order to comply with Conn. Gen. Stat. § 52-59b(c) which provides:
Any nonresident individual, or foreign partnership, or his or its executor or administrator, over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual or foreign CT Page 10511 partnership, or his or its executor or administrator, may be served upon the Secretary of the State and shall have the same validity as if served upon the nonresident individual or foreign partnership personally. The process shall be served by the officer to whom the same is directed upon the Secretary of the State by leaving with or at the office of the Secretary of the State, at least twelve days before the return day of such process, a true and attested copy thereof, and by. sending to the defendant at his last-known address, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon the Secretary of the State. The officer serving such process upon the Secretary of the State shall leave with the Secretary of the State, at the time of service, a fee of twenty-five dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in any such action. The Secretary of the State shall keep a record of each such process and the day and hour of service.
The defendants argue that the Patricia Crescent address was not the actual address of the Yoos at the relevant time and thus was not their "last known address." Both the plaintiff and the defendants cite the case of D'Occhio v. Connecticut Real Estate Commission, 189 Conn. 162,455 A.2d 833 (1983) for a proper understanding of what constitutes a person's last known address. D'Occhio is similar to the instant case in that it construes the same statute and involves a defendant who was not particularly interested in being located for service of process. D'Occhio
holds that one's "`last-known address' does not mean the last address known to the plaintiff but does mean the last address of the defendant so far as it is known, that is, by those who under the ordinary circumstances of life would know it." Id., 171, citing Hartley v.Vitiello, 113 Conn. 74, 80, 154 A. 255 (1931).
Here the papers were sent to the last address of Mr. and Ms. Yoo, so far as it was known not only to the plaintiff but also to the Canadian postal officials, and the court finds that, in ordinary circumstances, it was likely that process sent to such an address would actually reach them. Having actively provided the Patricia Crescent address to a creditor with whom they were in trouble, the defendants cannot passively avoid service of process under the long arm statute by moving thereafter and leaving no forwarding address with either the creditor or with the appropriate postal service. CT Page 10512
The Sherwoods were served by in-hand and abode service in Connecticut. The court finds that the Sherwoods and the Yoos who spoke, by Mr. Yoo's admission, at least once a month on the phone, communicated with one another about the pending lawsuit. Jae Wan Yoo and Jin Sun Yoo had actual knowledge that the lawsuit had been commenced but elected to let the Sherwoods deal with it.
After the Sherwoods were summoned to court for the Examinations of Judgment Debtor proceedings, they began negotiations with the plaintiff to resolve the debt. With the assistance of Lawrence DeAngelis, a real estate broker who acted as a go-between from George and Sandra Sherwood to the Cadle Company, these parties were able to negotiate a settlement. The plaintiff agreed to accept the sum of $21,000 from George and Sandra Sherwood and to release them from liability under the judgment.
The release is dated September 18, 1995. It reads, in pertinent part:
 "THE CADEL COMPANY . . . as RELEASOR in consideration of the sum of TWENTY-ONE THOUSAND ONE HUNDRED AND NO/100 DOLLARS ($21,000) [sic?] GEORGE AND SANDRA SHERWOOD as RELEASEES, receipt is hereby acknowledged, releases and discharges the RELEASEES, . . . damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity which against the RELEASEE, the RELEASOR ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE ONLY AS IT PERTAINS TO JUDGMENT CASE NO. CV-93-03500875 A.
Carl Holt, the attorney who had appeared for the Sherwoods in the lawsuit, represented the two of them in closing the settlement. Mr. DeAngelis did not participate in the closing and never actually saw the written release; but it was his impression that the settlement was to cover all of the judgment debtors including Jae Wan Yoo and Jin Sun Yoo. There is no evidence that it was the intention of the plaintiff that the settlement would release any parties other than George and Sandra Sherwood.[1] In fact it was only five months later, in February 1996, that the plaintiff commenced proceedings in Washington to enforce the judgment there, having located Jae Wan Yoo and Jin Sun Yoo in that jurisdiction.
The court finds that the service of the writ, summons, complaint and other legal process was accomplished by the plaintiff in the manner specified by statute on all of the defendants, including on Jae Wan Yoo CT Page 10513 and Jin Sun Yoo. Further the court finds that these defendants had actual notice of the pendency of the lawsuit during the period of time before judgment entered. There are no grounds on which to open this judgment as to these defendants.
As to the alternative grounds for relief — that the release signed by the plaintiff and by George and Sandra Sherwood also covers Mr. and Ms. Yoo — the court finds that the evidence does not support this conclusion. Jae Wan Yoo and Jin Sun Yoo did not participate in the negotiations that resulted in the release of the Sherwoods. The written release does not expressly release Jae Wan Yoo or Jin Sun Yoo, and it was not the intention of the parties that it do so. Rather it was the purpose of the release to obtain partial payment of the judgment debt from George and Sandra Sherwood and to discharge them from any further liability to the plaintiff. While it may have been the hope of Mr. and Ms. Sherwood that the settlement would forestall or even foreclose further collection efforts against the Yoos, none of the parties, not the Sherwoods, not the Yoos, and certainly not the plaintiff, took any steps to make the Yoos part of the settlement.
The court finds that the defendants Jae Wan Yoo and Jin Sun Yoo have failed to establish any grounds on which the court can open and set aside this judgment as to them or issue a writ of audita querela prohibiting the plaintiff from further enforcement or collection efforts of the outstanding unpaid judgment.
The Application and Motion of the Defendants Jae Wan Yoo and Jin Sun Yoo are denied.
Patty Jenkins Pittman, Judge