[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
After an evidentiary hearing required by the court in order to resolve the defendant Emmet Peppers' (hereinafter referred to as the defendant) motion to dismiss, the court denies the motion.
At the time of the accident, January 17, 2000, the defendant presented the investigating police officer with a New York state driver's license, although apparently the defendant had been living with his father in Connecticut since February, 1999. Later, in August 1, 2000, the defendant obtained a Connecticut driver's license.
Prior to living in Connecticut the defendant lived at 7 Diana Hill, in Huntington, New York for eighteen years, where his mother still resides. Abode service was made on the co-defendant, Don Peppers, the defendant's father, the owner of the car, on December 13, 2001 at his place of residence, 382 Wahackme Road, New Canaan, and later upon the defendant by service upon the Commissioner of Motor Vehicles, and by certified mail to the defendant at the Huntington address.
Although the defendant was somewhat vague in his testimony about his places of residence at various times, from the confusion the court discerns that he was, more likely than not, a resident of the New Canaan address at the time of service of process in this case, December 2001.
Nevertheless, by the service upon the defendant as a non resident, pursuant to Connecticut General Statutes § 52-62, there was a reasonable probability that the plaintiff would receive actual notice of the pendency of the action, and would have ample opportunity to defend himself. In point of fact, the writ, summons and complaint mailed to the New York address was received and signed for by the defendant's mother, Michele Peppers, and forwarded to the defendant's father in New Canaan, who advised his son of the suit and promptly notified their liability insurance carrier. Shortly thereafter, Don Peppers forwarded a copy of the writ, summons and complaint to the company. An appearance was filed CT Page 15743 on behalf of both the defendant and his father, the co-defendant, on January 15, 2002, the return date of the summons.
Under the facts of this case, the court finds that service upon the defendant pursuant to § 52-62 provided a reasonable probability that he would receive actual notice of the pendency of the lawsuit, and that the defendant in fact did receive actual notice of the suit. Further, the court finds that this service gave the defendant ample opportunity to file an appearance in the case, and in fact he did so in a timely manner and without any prejudice to him or his cause.
The legislative intent behind the statutes involved has been fulfilled. That is, that actual notice of the suit be provided by notice reasonably probable of being received, and that the defendant's right to appear and be represented be met. Estefan v. Rolls, Superior Court, judicial district of Danbury, Docket No. CV99 0336409 (April 28, 2000,Moraghan, J.); Medeiros v. Kaye, 31 Conn. Sup. 370, 331 A.2d 351 (1974).
The defendant's motion to dismiss is therefore denied.
So Ordered.
 ___________________ D'ANDREA, JTR
CT Page 15744